IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| PAMELA LINDEMANN ) | |
| ) | Case No. 3:24-cv-00908 |
| v. ) | Chief Judge Campbell |
| ) | Magistrate Judge Holmes |
| CEC ENTERTAINMENT, INC *et al.* ) | |

To: The Honorable William L. Campbell, Jr., Chief District Judge

### REPORT AND RECOMMENDATION[1]

As is its independent obligation, this Court has reviewed the complaint and taken other action to determine whether subject matter jurisdiction exists. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). For the reasons explained below, the undersigned respectfully **RECOMMENDS** that this action be remanded for lack of subject matter jurisdiction.

### I. BACKGROUND

Plaintiff initiated a lawsuit on June 21, 2024 in the Circuit Court for Davidson County, Tennessee against three defendants: (1) CEC Entertainment, Inc.; (2) CEC Entertainment, LLC (together with CEC Entertainment, Inc., collectively, the "CEC Entertainment Defendants" or "Removing Defendants"); and (3) NNN Reit, Inc. (Docket No. 1-1.) In her complaint, Plaintiff alleges that she sustained injuries from a fall that occurred while she was on premises owned and operated by the defendants. On July 25, 2024, CEC Entertainment, Inc.[2] removed the lawsuit to

---

[1] In the Sixth Circuit, orders of remand are outside the authority of magistrate judges under 28 U.S.C. § 636(b)(1)(A). *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 517 (6th Cir. 2001). Accordingly, the undersigned issues this report and recommendation.

[2] Although the notice of removal states that it is filed by Defendant CEC Entertainment, Inc., the notice is signed by counsel on behalf of both Defendant CEC Entertainment, Inc. and CEC Entertainment, LLC. (Docket No. 1 at 3.) The notice also states that CEC Entertainment, LLC consents to the removal. (*Id*. at 2.) Whether removal is maintained only by Defendant CEC

this Court pursuant to 28 U.S.C. § 1332 and asserted diversity-of-citizenship jurisdiction. (Docket No. 1.)

Prior to the initial case management conference, the three defendants filed business entity disclosure statements: NNN Reit, Inc. did not indicate its citizenship (Docket No. 9); CEC Entertainment, Inc. indicated that it was incorporated in Kansas and has a principal place of business in Texas (Docket No. 12); and CEC Entertainment, LLC indicated that it was organized under the laws of the state of Texas and is comprised of one sole member, CEC Entertainment Holdings II, LLC, which is comprised of one sole member, CEC Brands, LLC, whose members are, upon information and belief, not citizens of Tennessee or Maine (Docket No. 13). In her complaint, Plaintiff alleges that she is a citizen of Maine. (Docket No. 1-1 at ¶ 1.)

The Court found that neither NNN Reit, Inc. nor CEC Entertainment, LLC provided sufficient information to establish diversity-of-citizenship jurisdiction. Accordingly, in the Initial Case Management Order, the Court ordered NNN Reit to provide its place of incorporation and principal place of business, and ordered CEC Entertainment, LLC to provide additional required information regarding its sub-members. (Docket No. 23 at ¶ A.) NNN Reit, Inc. filed its supplement business entity disclosure as required and indicated that it was incorporated in Maryland and has a principal place of business in Florida. (Docket No. 24.)

CEC Entertainment, LLC also filed its supplemental business entity disclosure as required and provided much of the same information that was included in its original disclosure. (Docket No. 27.) However, it added that "CEC Brands, LLC is owned by Metroupolis, JMB Capital

---

Entertainment, Inc. or by both CEC Entertainment Defendants makes no difference to the outcome here, because neither CEC Entertainment, Inc. nor CEC Entertainment, LLC have established diversity jurisdiction, as they have failed to demonstrate the diverse citizenship of CEC Entertainment, LLC. Nevertheless, for ease of reference, the Court will refer to the CEC Entertainment Defendants as "Removing Defendants".

2

Partners, Octagon Credit Investors, Intermediate Capital Group, Monarch, Arbour Lane, Ripple, Carlson Capital, Fidelity, Prudential Financial, and Scoggin Capital." (*Id.* at 3.) It did not state whether these twelve entities are incorporated or unincorporated, did not provide any ownership (i.e. sub-sub-member) information, and did not include the citizenship of these twelve entities. Instead, it stated that it "conducted a reasonable inquiry" and that, "upon information and belief," none of the twelve entities are citizens of Tennessee or Maine. (*Id.*)

CEC Entertainment, LLC then filed a motion asking the Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332 and find that it is diverse from Plaintiff, who is a citizen of the state of Maine. (Docket No. 28.) However, after considering the motion, the Court found that CEC Entertainment, LLC failed to demonstrate diversity of citizenship and, therefore, failed to establish that this Court has subject matter jurisdiction over this case. (Docket No. 35.) The Court ordered CEC Entertainment, LLC to show cause why this case should not be remanded to the Circuit Court for Davidson County, Tennessee and to file a second supplemental business entity disclosure statement. (*Id.* at 1.) As directed, CEC Entertainment, LLC filed its response to the show cause order, but did not file a second supplemental business entity disclosure statement. (Docket No. 40.) For the reasons detailed below, the Court finds that it is without jurisdiction and recommends that this matter be remanded.

## II. LAW AND ANALYSIS

Federal courts enjoy limited jurisdiction. Although no party contests jurisdiction in this case, the Court has "an independent obligation to determine whether subject matter jurisdiction exists, even when no party challenges it." *Hertz Corp.*, 559 U.S. at 94 (citations omitted). *See also V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356–57 (6th Cir. 2010). Put another way,

3

subject matter jurisdiction is a "threshold question" in any federal case. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007).

There are two basic types of federal subject matter jurisdiction: federal-question jurisdiction and diversity-of-citizenship jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction under § 1332 exists only if there is complete diversity between the plaintiff and all defendants – that is, no plaintiff can be a citizen of the same state as any properly-joined defendant – and the value of the claim asserted exceeds $75,000. 28 U.S.C. § 1332(a). *See also Jerome-Duncan, Inc. v. Auto-By-Tel, LLC.*, 176 F.3d 904, 907 (6th Cir. 1999) (citing *U.S. Fid. & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992)) (complete diversity exists when no plaintiff and no defendant are citizens of the same state).

As the parties invoking a federal court's jurisdiction, removing defendants generally bear the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006). Here, Removing Defendants must demonstrate that diversity jurisdiction exists, which requires a showing of the parties' citizenships. *Akno 1010 Market Street St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022) (citing *Hertz Corp.*, 559 U.S. at 96). This means that Removing Defendants "must fully allege the citizenship of each party." *Id.* (quoting *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019) ("It … behooves parties to be meticulous in jurisdictional matters.")).

Removal statutes are to be strictly construed, *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000), because "removal jurisdiction encroaches on a state court's jurisdiction." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). Under this narrow standard, all doubts and ambiguities "as to the propriety of removal are resolved in favor of

4

remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999); *accord Brierly*, 184 F.3d at 534.

The general rule is that all unincorporated entities have the citizenship of each partner or member. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187–92 (1990)). Accordingly, a limited liability company – like CEC Entertainment, LLC here – has the citizenship of each of its members. *Id.* (citing *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 F. App'x 731, 732–33 (6th Cir. 2002)). Therefore, "[w]hen diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well." *Id.* (citing *Hicklin Eng'g L.C. v. Bartell*, 439 F.3d 346, 347–48 (7th Cir. 2006)). Moreover, citizenship may not be generally asserted or based on "information or belief" and instead must be based on objective criteria. *Aprio, LLP v. Rozental*, No. 1:22-CV-03589-LMM, 2022 WL 20595470, at *1 (N.D. Ga. Nov. 14, 2022).

Here, Plaintiff is a citizen of Maine. For the Court to exercise diversity jurisdiction, no defendant may be a citizen of Maine. There is no dispute that CEC Entertainment, Inc. is a citizen of Kansas and Texas and that NNN Reit, Inc. is a citizen of Maryland and Florida. However, the citizenship of the third defendant, CEC Entertainment, LLC, remains unclear.

In its prior motion for the Court to exercise diversity jurisdiction (Docket No. 28), CEC Entertainment, LLC, relying on its previously filed supplemental business entity disclosure. (Docket No. 27), requested that the Court find diversity jurisdiction based on a negative inference. CEC Entertainment, LLC contended that, "upon information and belief," it is *not* a citizen of Maine

5

or Tennessee, but it failed to explicitly identify of which state or states it is a citizen by virtue of the citizenship of its members and sub-members (and their sub-members). In short, CEC Entertainment, LLC's position was – and, indeed, remains – that its burden is not to identify the states of which it is a citizen, but to identify the states of which it is not a citizen.

The Court rejected this argument, as detailed in a prior order (Docket No. 35), but provided CEC Entertainment, LLC with one additional opportunity to identify the citizenship of all its members and sub-members (and their sub-members) and directed CEC Entertainment, LLC to show cause why this case should not be remanded. CEC Entertainment, LLC complied in part and filed a response to the show cause order (Docket No. 40) in which it largely reiterated the arguments set forth in its prior motion asking the Court to exercise diversity jurisdiction. Specifically, CEC Entertainment, LLC stated that it "does not have access to the ownership of these entities in its ownership structure. Thus, it cannot provide the requested information to the Court." (*Id.* at 2.) However, CEC Entertainment, LLC argues that its negative jurisdictional statement is satisfactory and the Court should exercise jurisdiction and not remand this matter. CEC Entertainment, LLC argues that to do otherwise would "deprive[]" it "of the benefit of any federal forum in the United States absent federal question jurisdiction," which is "fundamentally unfair and prejudicial." (*Id.*) CEC Entertainment, LLC also contends that the Sixth Circuit, in *Delay*, accepted a negative jurisdictional statement as sufficient to establish diversity citizenship. (*Id.*)

The Court disagrees. As discussed above, this Court is one of limited jurisdiction. "Unlike state trial courts, [federal courts] do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).

6

The parties seeking removal – here, Removal Defendants – bear the burden of demonstrating that this Court has jurisdiction. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). Removal Defendants have not met that burden, because CEC Entertainment, LLC plainly admits that it cannot provide either the full entity names or states of citizenship of its twelve sub-members.[3] *See, e.g.*, *Jade Partners, LLC v. Alternative Crops, LLC*, No. CV 5:20-458-DCR, 2020 WL 6803820, at *2 (E.D. Ky. Nov. 19, 2020) ("During the hearing held this date, counsel for the defendants conceded that the identities of the members of Jade and Alternative are unknown. Based on this lack of information, it is impossible to ascertain the citizenship of the LLCs and determine whether diversity exists, but it is clear that sufficient factual allegations have not been made by the defendants to meet their pleading burden.").

Rather, CEC Entertainment, LLC asks the Court to grant it an equitable exception to the well-established rule of limited jurisdiction. (*Id.* at 2.) However, it offers no legal authority to demonstrate that an exception based on fairness and prejudice is available, let alone applicable in this instance. Further, CEC Entertainment, LLC's reliance on some purported acceptance by the Sixth Circuit of a negative jurisdictional statement is a stretch at best.

In *Delay*, the Sixth Circuit simply stated that "RCG's [the defendant's] response assured us that none of RCG's members is a citizen of Ohio." *Delay*, 585 F.3d at 1005. An equally plausible construction of this "assured us" language is that RCG filed a statement specifically identifying each member's citizenship, none of which was Ohio, which provided sufficient assurance of complete diversity. In fact, a review of the *Delay* appeal case docket indicates that

---

[3] Presumably, CEC Entertainment, LLC cannot provide any information for additional tiers or layers of sub-membership either.

the information provided was a hybrid. By letter to the Sixth Circuit dated September 14, 2009, counsel for RCG identifies the citizenship of its members as follows:

> RCG is a limited liability company organized and existing under the laws of the State of Illinois, which has its principal place of business in Chicago, Illinois. RCG has three classes of members. Class A members are the managing members, Leslie Rosenthal and J. Robert Collins, who are both citizens and residents of the State of Illinois. The managing members and two Illinois limited companies – Knot and Dreadnought – own 95% of GCG. All members of Knot and Dreadnought are citizens and residents of the State of Illinois.
>
> Class B members are individual associated with RCG who are required to be listed as members due to various industry rules and regulations. These individuals are all citizens and residents of the State of Illinois.
>
> Class C members are traders who deposit their trading capital with RCG to clear and trade futures products. Each of these individuals own no more than 1/10 of 1% of RCG and an in the aggregate they own 5% of RCG. These Class C members number between 50 and 75 individuals. None of the Class C Members are citizens [or] residents of the State of Ohio.

*Delay v. Rosenthal Collins Grp., LLC*, Sixth Circuit Court of Appeals Docket #08-4557, Docket Entry No. 47, filed on September 15, 2009.

This disclosure differs from that of CEC Entertainment, LLC in this case in at least one critical detail. RCG provided layered citizenship information down to individual ownership interests. In contrast, CEC Entertainment, LLC identified only some a multi-tiered tracing, and what it did offer was largely incomplete. CEC Entertainment, LLC's disclosure states:

> CEC Entertainment, LLC is a limited liability company organized under the laws of the State of Texas. Its sole member is CEC Entertainment Holdings II, LLC. CEC Entertainment Holdings II, LLC's sole member is CEC Brands, LLC. CEC Brands, LLC is owned by Metroupolis, JMB Capital Partners, Octagon Credit Investors, Intermediate Capital Group, Monarch, Arbour Lane, Hill Path, Ripple, Carlson Capital, Fidelity, Prudential Financial, and Scoggin Capital. CEC Entertainment, LLC has conducted a reasonable inquiry and has no reason to believe these entities are citizens of Maine, where Plaintiff Pamela Lindemann is alleged to reside, or the forum state of Tennessee. Upon information and belief, none of CEC Brands, LLC's members are citizens of Tennessee or Maine.

(Docket No. 27 at 3.) At least from names, it appears that the ownership interests in CEC Brands, LLC are held by other companies – sub-members – for which no ownership interest information or citizenship is provided. Notably, the "upon information and belief" statement of CEC Entertainment, LLC extends only to CEC Brands, LLC's sub-members and not to any owners of those sub-members (i.e. the sub-sub-members). It is certainly not outside the realm of possibility that somewhere in the multi-tiered ownership of CEC Brands, LLC is a citizen of Maine. *See, e.g.*, *V & M Star, LP*, 596 F.3d at 356-57 (district court should have insisted on more information than legally incomplete and complex jurisdictional facts generally asserted by plaintiff).

In its discussion of the necessary citizenship disclosures in *Delay*, the Sixth Circuit affirmatively states that "the federal court needs to know the citizenship of each 'sub-member' as well." *Delay*, 585 F.3d at 1005 (internal citation omitted). A jurisdictional statement referring generally to negative citizenship does not satisfy this standard of the court knowing the citizenship of **each** sub-member (and to the extent required, each sub-sub-member, and so on). Similarly, in its holding in *Delay* that a limited liability company has the citizenship of each of its members, the Sixth Circuit relied on, among other cases, *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, a decision from the Eleventh Circuit, which described the information necessary to establish diversity citizenship: "To sufficiently allege the citizenship of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership." 374 F.3d 1020, 1022 (11th Cir. 2004).

The Sixth Circuit's disinclination to accept the broad negative jurisdictional statement offered by CEC Entertainment, LLC here is further illustrated in its later decision in *V & M Star, LP*, in which the Sixth Circuit admonished the district court for not having insisted that V & M Star, as the party invoking diversity jurisdiction, "establish the citizenship of its partner LLC's,

including any sub-members." 596 F.3d at 357 (cleaned up). This same demand for detail was again exemplified in *Yarber v. M.J. Electric, LLC*, in which the Sixth Circuit reiterated that "the citizenship of every member of [the] LLC needs to be determined." 824 F. App'x 407, 409-10 (6th Cir. 2020). The Court is not persuaded that the general negative citizenship information provided by CEC Entertainment, LLC is sufficient to establish diversity citizenship.

Further, granting an equitable exception to the doctrine of limited jurisdiction, as urged by CEC Entertainment, LLC, would render the doctrine hollow. In addition, CEC Entertainment, LLC's contention that it is "deprive[d]" of a federal forum is an outcome of its own making and one that results only if CEC Entertainment, LLC remains unable to identify the citizenship of its sub-members. In other words, CEC Entertainment, LLC is not barred from litigating in federal courts under any circumstances, but rather under this particular circumstance. CEC Entertainment, LLC's apparent inability to fully identify its business structure by complete entity name, ownership, or citizenship, is an issue for CEC Entertainment, LLC alone, and not the Court, to resolve.

In a similar case, *Slusher v. Mytrex Inc.*, a sister court in Kentucky found equally unavailing the removing defendants' plea for the court to overlook their failure to demonstrate diversity citizenship. No. 6:22-CV-214-REW-HAI, 2023 WL 2949172, at *1–2 (E.D. Ky. Jan. 27, 2023), *report and recommendation adopted*, No. 6:22-CV-214-REW-HAI, 2023 WL 2949167 (E.D. Ky. Feb. 17, 2023). In *Slusher*, the removing defendants likewise asserted generally that "[u]pon information and belief" none of the members of a co-defendant were citizens or residents of Kentucky, of which the plaintiff was a citizen. Specifically, the provided information stated:

10

> Connect America's sole member is Connect America Intermediate, LLC. Connect America Intermediate's sole member is Connect America Investment Holdings, LLC, which has over 100 members. Defendants indicate,
>
>> Upon information and belief, none of the members of this entity is believed to have any members who are citizens of Kentucky. However, any additional information about sub-member identities and their respective addresses and citizenship is not publicly available to the undersigned counsel nor is it available through any other means after the undersigned counsel has attempted to discover this information (through diligent searches of public databases and client records).

*Id.* (cleaned up). In declining to adopt the Third Circuit's safe harbor for a plaintiff to survive the pleading stage without affirmatively alleging the citizenship of each member of an unincorporated association defendant if a reasonable attempt was made to determine the identities, *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3rd Cir. 2015), the *Slusher* court noted that a party's alleged inability to determine **its own** citizenship provides no such haven, particularly given the Sixth Circuit's strict rules for establishment of diversity citizenship. 2023 WL 2949172 at *2 ("Connect America's assertions that it cannot fully identify its own citizenship does not permit this Court to ignore the jurisdictional defect and exercise jurisdiction.") Such is the case here.

In short, the Court must insist that CEC Entertainment, LLC demonstrate that the citizenship of all its sub-members is diverse from Plaintiff, which is a necessary predicate to invoking diversity jurisdiction. However, CEC Entertainment, LLC has failed to do so.

Because removal in this case is based on diversity jurisdiction, which Removing Defendants have failed to establish, this Court does not have subject matter jurisdiction, and this matter must therefore be remanded. The *Slusher* court expressively described this issue and, ultimately, the required outcome:

> Know thyself. Ancient wisdom of immeasurable value and infinite application. A modern scenario requires a party attempting to establish federal jurisdiction to know its own citizenship. Surprisingly, a limited liability company in this case claims it cannot obtain that knowledge due to sub-membership numerosity and opacity. But federal jurisdiction is not built upon guesswork, so a remand is appropriate.

2023 WL 2949172, at *1.

### III. RECOMMENDATION

For the reasons set forth above, it is respectfully **RECOMMENDED** that:

1. This action be remanded to the Circuit Court for Davidson County, Tennessee.

2. Any pending motions in this matter be terminated as moot.

3. The Clerk be directed to close the file.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc). Any responses to objections to this Report and Recommendation must be filed within 14 days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge